# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KUHLMANN,<br><br>    Plaintiff,<br><br>    vs.<br><br>ADAM CHRISTIANSON, STANISLAUS COUNTY, DEPUTY GRADY WELCH,<br><br>    Defendants. | Case No.: 14-cv-00494 KAW<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.   BACKGROUND

Plaintiff, who is represented by counsel, filed this § 1983 case on January 31, 2014, along with an application to proceed *in forma pauperis*. (Compl., Dkt. No. 1; Pl.'s IFP Appl., Dkt. No. 3.) He has consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c). (Pl.'s Consent, Dkt. No. 4.)

The Court denied Plaintiff's initial application to proceed *in forma pauperis* without prejudice. (Feb. 7, 2014 Order, Dkt. No. 7.) Plaintiff filed a subsequent application, which the Court granted on March 14, 2014. (March 14, 2014 Order at 3, Dkt. No. 9.) In the order, the Court also dismissed Plaintiff's complaint with leave to amend. *(Id.)* The Court determined that Plaintiff's allegations were conclusory and as such, insufficient to state a claim upon which relief can be granted. (*See id.* at 2.) The Court also found that Plaintiff's conclusory statements only addressed two of Plaintiff's purported causes of action, i.e., his claims for false arrest and negligence, but did

not address any claims for intentional infliction of emotional distress, false imprisonment, or any other claimed violation of federal, state, or local law, which Plaintiff left unspecified in the complaint.  (*See id.* at 3.)

Plaintiff filed a first amended complaint on April 11, 2014.[1]  (1st Am. Compl., Dkt. No. 10.) Because the first amended complaint also fails to state a claim upon which relief can be granted, it is dismissed with leave to amend.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss [a] case at any time if the court determines that . . .the action . . . fails to state a claim on which relief may be granted." *See* Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  But "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).  Generally, if the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.   DISCUSSION

In the amended complaint, Plaintiff, a resident of Stanislaus County, alleges that he was arrested on an alleged parole violation for sexual battery and placed in a safety cell at Stanislaus

---

[1] Attached to the complaint is a certificate of service, showing that Plaintiff's counsel, John E. Stringer, served attorney Dan Farrar with a copy of the first amended complaint by mail.  Given that (1) summons has not been issued in this case and (2) the Court has not issued an order indicating that Plaintiff's first amended complaint complies with 28 U.S.C. § 1915, it is unclear why Plaintiff's counsel served the first amended complaint on this individual.

County jail on April 19, 2013.  (*Id.* ¶¶ 1, 2.)  Plaintiff also alleges that the defendants, whom Plaintiff identifies as residents of Stanislaus County, moved Plaintiff from a safety cell to a general population cell in which known gang members were housed.  (*Id.* ¶ 2.)  He asserts that he was "forced to show his paperwork to other inmates" and severely beaten when they discovered the nature of his parole violation.  *(Id.)*  Plaintiff also claims that he was moved to another general population cell, beaten a second time, and denied medical treatment.  *(Id.)*  According to Plaintiff, he suffered a severe brain injury, as a result of which he is unemployable, unable to care for himself, and totally disabled for the remainder of his natural life.  (*Id.* ¶¶ 3, 4.)  On this basis, Plaintiff alleges various causes of action, which "include[], but [are] not limited to, general negligence and intentional infliction of emotional distress and [a] violation of Title 42 Section 1983 of the United States Code, and California State Law, Code, and Statutes."  (Compl. at 2.)[2]

### A.     Plaintiff has not sufficiently alleged a claim under 42 U.S.C. § 1983.

"Section 1983 provides a cause of action against any person who, under the color of state law, abridges rights unambiguously created by the Constitution or laws of the United States. . . .  [It] is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Crowley v. Nevada*, 678 F.3d 730 (9th Cir. 2012) (internal quotations and citations omitted).  Thus, to state a claim under § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff describes his claims as arising "under the Constitution of the United States, Fourteenth Amendment, Due Process and Equal Protection Clauses . . . ."  (Compl. at 2.)  He also asserts that this action is brought "under Title 42 Section 1983 of the United States Code in that Plaintiff's civil rights were violated by the actions of Defendants in placing Plaintiff in harms [*sic*] way under color of law."  (*Id.* ¶ 5.)  Plaintiff's complaint does not contain any substantive allegations concerning the basis for these claims, rather these assertions are contained in discrete

---

[2] Only two causes of action are captioned in the complaint:  general negligence and intentional infliction of emotional distress.  1st Am. Compl. ¶¶ 5, 6.

sections of the complaint, such as the introduction, the jurisdictional statement, and the sections of the complaint captioned "CAUSE OF ACTION-General Negligence" and "Exemplary Damages Attachment." (*See, e.g.,* Compl. at 1, 2, 4, 5.) The mere assertions that Defendants violated Plaintiff's civil rights by placing him "in harms [*sic*] way" or because Defendants acted with malice are insufficient to state a plausible claim for relief under § 1983. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. ").

Plaintiff has, therefore, failed to state a viable claim under § 1983.

**B.     Plaintiff's claims for negligence and intentional infliction of emotional distress fail.**

With certain exceptions, a plaintiff asserting state law tort claims for money or damages against local public entities must comply with the claim presentation requirements set forth in the California Tort Claims Act ("CTCA"). Cal. Gov't Code § 905. The CTCA provides that a party cannot file an action for money or damages against a local public agency until a written claim has been filed with and rejected by the defendant agency. *Id; see City of San Jose v. Superior Court*, 12 Cal. 3d 447 (1974). This is a condition precedent to maintaining an action against local public entities and "failure to file a claim is fatal to the cause of action." *City of San Jose*, 12 Cal. 3d at 454; *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Accordingly, a party asserting a cause of action that falls within the CTCA must allege, in the complaint, compliance with its procedural requirements. *Karim-Panahi*, 839 F.3d at 627.

In his first amended complaint, Plaintiff prays for "[g]eneral, compensatory, special and exemplary damages against all Defendants" in an amount "to be determined by the Court and/or jury." (Compl. at 6.) Absent from the complaint, however, is any allegation that Plaintiff has complied with the CTCA's presentation requirements. This is fatal Plaintiff's state law claims for negligence and intentional infliction of emotional distress.

The deficiencies discussed above warrant dismissal of Plaintiff's complaint in its entirety. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. The Court, however, grants Plaintiff leave to

amend the complaint because these deficiencies may be cured through amendment. *See Lopez*, 203 F.3d at 1127.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff's first amended complaint is dismissed with leave to amend. Plaintiff shall file a second amended complaint within 30 days of this order. The second amended complaint shall properly identify the legal and factual basis for Plaintiff's claims. Failure to file a second amended complaint within 30 days of this order may result in dismissal of this action for failure to prosecute.

IT IS SO ORDERED.

DATE: May 09, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge