UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KUHLMANN,<br><br>            Plaintiff,<br><br>      vs.<br><br>SHERIFF ADAM CHRISTIANSON, *et al.*,<br><br>            Defendants.<br>_____ / | Case No. 1:14-cv-01042-BAM<br><br>**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>(Doc. 35) |

Plaintiff David Kuhlmann ("Plaintiff") filed a civil rights action against Sheriff Adam Christianson, Parole Agent Grady Welch and Does 1 to 50 arising from an alleged beating Plaintiff sustained from fellow inmates while he was detained in the Stanislaus County Jail on a charge of sexual battery. Defendant Grady Welch has been dismissed from this action.[1]

Presently before the Court is Defendant Christianson's motion for summary judgment. (Doc. 35.) On August 6, 2015, the Court deemed the matter suitable for decision without oral argument and vacated the hearing scheduled for August 14, 2015. (Doc. 38). Having considered the moving, opposition, reply papers, and the entire file, Defendant's Motion for Summary Judgment is GRANTED.

///

///

---

[1] The appearing parties have consented to the jurisdiction of a United States Magistrate Judge. (Docs. 23, 27.) For that reason, the matter has been assigned to United States Magistrate Judge Barbara A. McAuliffe for all purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *see also* L.R. 301, 305. (Doc. 28).

1

## FACTUAL ALLEGATIONS

On April 13, 2013, Parole Agent Grady Welch arrested Plaintiff for a parole violation charge of sexual battery. Plaintiff was taken to the Stanislaus County Jail, and placed under the care, custody and control of Defendant Christianson. (Doc. 14, p. 1.) Plaintiff initially was housed in a safety cell. On April 19, 2013, Defendant Christianson and Does 1 to 50 moved Plaintiff from the safety cell to a general cell populated by known gang members. (Doc. 14, ¶¶ 1-2.) Plaintiff was forced to show his paperwork to the other inmates and was then severely beaten by inmates when the nature of his parole violation was discovered. (Doc. 14, ¶ 2, and p. 4.) Plaintiff was moved to another general population cell and beaten again. (Doc. 14, ¶ 2.) Plaintiff complained to Defendants of severe pain and disorientation, but Defendants allegedly refused Plaintiff competent medical treatment. (Doc. 14, ¶ 2, and p. 4.) Plaintiff was later taken to Doctors Medical Center in Modesto, California, where he was diagnosed with a severe brain injury. (Doc. 14, ¶ 3.)

In his amended complaint, filed on June 7, 2014, Plaintiff alleged three claims for relief: (1) negligence; (2) intentional infliction of emotional distress; and (3) failure to protect from harm under 42 U.S.C. § 1983. (Doc. 14). Defendant Christianson moves for summary judgment on Plaintiff's claims against him. (Doc. 35).

## UNDISPUTED FACTS

The following facts are not reasonably in dispute.[2] Plaintiff was arrested on a parole violation on April 13, 2013, and taken to the Stanislaus County Jail. Plaintiff claims that while he was incarcerated in the Stanislaus County Jail, he was placed in general population and severely beaten by other inmates. (Doc. 14, ¶¶ 1-2.) Defendant Christianson is the Sheriff of Stanislaus County and has been since 2006. (Doc. 35-3, Declaration of Adam Christianson ("Christianson Dec.") ¶ 1.) Defendant Christianson did not have any personal knowledge that Plaintiff was arrested on April 13, 2013; that he was incarcerated in the Stanislaus County Jail on April 13, 2013; that he was initially housed in a safety cell; that on April 19, 2013, he was moved from a safety cell to the general

---

[2] The facts detailed here are taken from Defendant Christianson's moving papers. (Doc. 35.) Plaintiff's opposition papers neither identify disputed facts, nor include a reproduction of the itemized facts in Defendant's Statement of Undisputed Facts or an admission or denial those facts in compliance with Local Rule 260(b). (Doc. 36.) Given Plaintiff's failure to dispute Defendant's undisputed facts and evidence, the Court considers this evidence as undisputed.

population; or that he was "beaten by the inmates." (Christianson Dec. ¶ 3.) Defendant Christianson had no personal involvement in arresting Plaintiff, nor did he have any personal involvement in making any classification or housing decision for Plaintiff, nor was he involved in any medical care decisions made concerning Plaintiff while he was incarcerated. (*Id.*)

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome of the case under the applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The exact nature of this responsibility, however, varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). If the movant will have the burden of proof at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Id.* (citing *Celotex*, 477 U.S. at 323). In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.*

If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [its] favor." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis in original). "[B]ald assertions or a mere scintilla of evidence" will not suffice in this regard. *Id.* at 929; *see also Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56[], its opponent must do more than simply show

that there is some metaphysical doubt as to the material facts.") (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. Instead, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F.Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

**DISCUSSION**

**I.     Plaintiff's Claim for Failure to Protect from Harm against Defendant Christianson**

Plaintiff asserts a Section 1983 claim for deliberate indifference to Plaintiff's safety and failure to protect him from harm in violation of the Fourteenth Amendment against Defendant Christianson. Defendant Christianson contends that this claim fails because he had no involvement in any of the acts or omissions Plaintiff alleges caused harm. In opposition, Plaintiff does not dispute Defendant Christianson's lack of personal involvement. Rather, Plaintiff maintains that Defendant Christianson, as Sheriff, was the public official in charge of the Stanislaus County Jail and was responsible for setting jail policy and for supervising the deputy sheriffs that denied Plaintiff a protected cell and adequate medical care. Plaintiff also contends that he "has had no opportunity to complete discovery which would include production of documents and interrogatories to Defendant." (Doc. 36, p. 1.)

A constitutional claim brought by a pretrial detainee challenging his conditions of confinement is analyzed under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). However, federal courts apply the same standards to a pretrial detainee's rights under the Fourteenth Amendment as to a prisoner's rights under the Eighth Amendment. *Frost*, 152 F.3d at 1128; *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241-42 (9th Cir. 2010) (Eighth Amendment deliberate indifference standard applied to

pretrial detainees); *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010); *Oregon Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003) (guarantees of the Eighth Amendment provide a minimum standard of care for determining the rights of pretrial detainees).

Jail officials must take reasonable measures to guarantee the safety of pretrial detainees. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 499 U.S. 189, 199-200 (1989)); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To establish liability, a pretrial detainee must show that jail officials acted with deliberate indifference – or knowing disregard – to a substantial risk of harm to his health or safety. *E.g., Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Johnson*, 217 F.3d at 731; *Frost*, 152 F.3d at 1128.

The undisputed facts demonstrate that Defendant Christianson was not aware of any risk of harm to Plaintiff's health or safety, and thus could not have acted with deliberate indifference to such harm. In his declaration, Defendant Christianson disavows any knowledge of Plaintiff's arrest, Plaintiff's subsequent incarceration in the Stanislaus County Jail, Plaintiff's housing assignments while in the Stanislaus County Jail, any alleged beating of Plaintiff by other inmates or Plaintiff's medical care. (Christianson Dec. ¶ 3.) In other words, Defendant Christianson represents that he had no involvement with Plaintiff's incarceration in the Stanislaus County Jail.

Plaintiff does not present any evidence to raise a genuine dispute of material fact that Defendant Christianson knew Plaintiff faced a substantial risk of harm while he was housed in the Stanislaus County Jail following his arrest on April 13, 2013, or acted with deliberate indifference to such a risk of harm. Indeed, Plaintiff not only fails to proffer contradictory evidence, but also fails to address Defendant Christianson's argument that he lacked any knowledge of or involvement in Plaintiff's incarceration in the Stanislaus County Jail. (Doc. 36.) Instead, Plaintiff argues that Defendant Christianson's liability is based on his role as Sheriff and his attendant responsibilities setting jail policy and supervising the deputy sheriffs who allegedly denied Plaintiff a protected cell, supervision and adequate medical care. (Doc. 36, p. 1.) Plaintiff's argument is not persuasive and fails to raise a genuine dispute of material fact precluding summary judgment in favor of Defendant Christianson.

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior* or vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074–75; *Lacey*, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).

In this instance, it is undisputed that Defendant Christianson had no personal involvement in the alleged constitutional deprivations. Further, Plaintiff's operative complaint includes no allegations demonstrating a causal connection between any wrongful conduct by Defendant Christianson and the purported constitutional violations. There also is no allegation that Defendant Christianson implemented a policy that was the moving force behind the alleged constitutional violations. Indeed, in contravention of any such claim, Plaintiff expressly alleges that defendants ignored established jail policy when housing Plaintiff in the general population. (Doc. 14, p. 6.) Thus, Plaintiff may not impose liability against Defendant Christianson based on supervisory liability.

Plaintiff also does not assert a claim against Defendant Christianson in his official capacity. "Official-capacity suits [under § 1983] ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)); *Center for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) ("An official capacity suit against a municipal officer is equivalent to a suit against the entity."). If Defendant Christianson were sued in his official capacity, Stanislaus County would be the appropriate defendant in his place.

However, even if Plaintiff sued Defendant Christianson in his official capacity, Stanislaus County cannot be held responsible for the acts of its employees under a *respondeat superior* theory of liability. *Monell*, 436 U.S. at 691; *Webb v. Sloan*, 330 F.3d 1158, 1163-64 (9th Cir. 2003); *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002). Stanislaus County could only be held liable where an "action pursuant to official [ ] policy of some nature caused a constitutional tort." *Monell*, 436 U.S at 691; *Harper v. City of Los* Angeles, 533 F.3d 1010, 1024 (9th Cir. 2008) (*Monell* liability established where officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is an implementation of that policy). Here, Plaintiff alleges that the constitutional deprivations complained of were caused when defendants "rehoused Plaintiff in general population *ignoring* established jail policy." (Doc. 14, p. 6) (emphasis added). This allegation undercuts any potential claim that the purported constitutional violations were caused by a Stanislaus County Jail policy. *Monell*, 436 U.S. at 691; *Harper*, 533 F.3d at 1025.

## II. State Law Claims

Plaintiff also asserts state law claims for negligence and intentional infliction of emotional distress arising out of the same factual allegations. Defendant Christianson contends that he may not be held liable for the torts of jail staff and may only be held liable under state law based upon his own acts or omissions. As he lacked knowledge of or involvement in Plaintiff's incarceration in the Stanislaus County Jail, Defendant Christianson argues that he should be granted summary judgment with respect to Plaintiff's state law claims.

California Government Code section 820.8 provides: "Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission." Cal. Gov't Code § 820.8.

As discussed, the undisputed evidence demonstrates that Defendant Christianson lacked involvement in Plaintiff's incarceration and the housing and medical decisions following Plaintiff's arrest on April 13, 2013. Plaintiff has not raised a genuine dispute regarding Defendant Christianson's involvement or his immunity for the acts of others. Defendant Christianson is therefore entitled to summary judgment on Plaintiff's state law claims.

**III.     Discovery**

Plaintiff argues that summary judgment should be denied because he has had no opportunity to complete discovery. Plaintiff's argument is, at best, disingenuous. Fact discovery in this matter opened on November 17, 2014, and closed on April 30, 2015. (Doc. 34.) There is nothing in the record or in Plaintiff's opposition papers demonstrating that Plaintiff was somehow prevented from conducting relevant fact discovery during this five-month period.

Plaintiff also has not established entitlement to relief pursuant to Federal Rule of Civil Procedure 56(d). Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (citation omitted); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006). Plaintiff has made no such showing and his apparent desire to conduct additional discovery after expiration of the discovery deadline does not entitle him to relief under Rule 56(d).

**CONCLUSION AND ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Defendant Christianson's motion for summary judgment, filed on July 14, 2015, is GRANTED; and
2. The Clerk of the Court is directed to enter summary judgment in favor of Defendant Christianson.

Additionally, IT IS FURTHER ORDERED that:

1. Within seven (7) days from the date of this order, Plaintiff shall show cause in writing why Does 1 to 50 should not be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m); and

2. <u>The failure to respond to this order or the failure to show cause will result in dismissal of Does 1 to 50 from this action and the matter will be closed.</u>

IT IS SO ORDERED.

    Dated:   **August 11, 2015**          /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE