UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID KUHLMANN,

        Plaintiff,

  vs.

SHERIFF ADAM CHRISTIANSON, *et al.,*

        Defendants.

_____/

Case No. 1:14-cv-01042-BAM

**ORDER DENYING PLAINTIFF'S REQUEST TO AMEND COMPLAINT AND SUBSTITUTE DOE DEFENDANTS**

**ORDER DISMISSING DOES 1 TO 50 WITHOUT PREJUDICE BASED ON PLAINTIFF'S FAILURE TO EFFECT SERVICE OF THE SUMMONS AND COMPLAINT AND CLOSING ACTION**

**BACKGROUND**

Plaintiff David Kuhlmann ("Plaintiff") filed a civil rights action against Sheriff Adam Christianson, Parole Agent Grady Welch and Does 1 to 50 arising from an alleged beating Plaintiff sustained from fellow inmates while he was detained in the Stanislaus County Jail on a charge of sexual battery. Defendant Grady Welch has been dismissed from this action, and summary judgment has been granted in favor of Defendant Christianson.[1]

Following the grant of summary judgment, the Court ordered Plaintiff to show cause in writing why Does 1 to 50 should not be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 39.) Plaintiff responded to the order to show cause on August 17, 2015. (Doc. 41.) Plaintiff now requests leave of Court to amend the complaint pursuant to Federal Rule of Civil Procedure 15 for the express purpose of substituting the names of Stanislaus County Deputies Elliotta,

---

[1] The appearing parties have consented to the jurisdiction of a United States Magistrate Judge. (Docs. 23, 27.) For that reason, the matter has been assigned to United States Magistrate Judge Barbara A. McAuliffe for all purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *see also* L.R. 301, 305. (Doc. 28.)

1    Sousaj, McClure and Spaulding and the Stanislaus County Jail in place of the doe defendants.

2    Plaintiff's counsel reports that Plaintiff has not been in contact with him "for some period of time" and

3    "it is not known whether Plaintiff is incapacitated, incarcerated or deceased."   (Doc. 41, ¶ 4.)

4    Plaintiff's counsel requests additional time to determine Plaintiff's status and contends that Plaintiff's

5    inability to participate in the prosecution of this case "is the reason no amendments have been

6    proposed as to the Doe Defendants prior to the present request."  (*Id.*)

7        Defendant Christianson replied on August 18, 2015.  (Doc. 42.)   Defendant Christianson

8    argues that the scheduling order in this matter set the deadline for stipulations or motions to amend as

9    February 20, 2015, and Plaintiff's current response seeking leave to amend does not meet the criteria

10   of Federal Rule of Civil Procedure 16(b) for amending the scheduling order.  (Doc. 42, p. 1.)

**DISCUSSION**

12   **I.        Plaintiff's Motion for Leave to Amend**

13       In his second amended complaint, Plaintiff asserts state law claims for negligence, intentional

14   infliction of emotional distress and a claim for deliberate indifference to Plaintiff's safety and failure

15   to protect him from harm in violation of the Fourteenth Amendment.   Plaintiff seeks to amend his

16   complaint pursuant to Rule 15 to substitute Stanislaus County Deputies Elliotta, Sousaj, McClure and

17   Spaulding and the Stanislaus County Jail in place of the doe defendants.  (Doc. 41.)

18       Defendant opposes the request on the ground that Plaintiff has not demonstrated good cause to

19   amend the scheduling order pursuant to Rule 16(b).

20       Generally, Rule 15(a) liberally allows for amendments to a pleading.  Fed. R. Civ. P. 15(a).

21   However, in this instance, the Court issued a Scheduling Conference Order on November 17, 2014,

22   which required that all stipulated amendments or motions to amend be filed by February 20, 2015.[2]

23   (Doc. 34, p. 2.)   As Plaintiff's request to amend comes after expiration of the Scheduling Order

24   deadline for amendment, the Court must apply the standard for amending a scheduling order under

25   Federal Rule of Civil Procedure 16, rather than the liberal amendment standard of Rule 15.  *Coleman*

26   *v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (district court correctly addressed motion

27

28
_____
[2] The Scheduling Conference Order also required that all non-expert discovery be completed by April 30, 2015, and all expert discovery be completed by June 30, 2015.  (Doc. 34, p. 2.)

for leave to amend under Rule 16 because it had issued a pretrial scheduling order that established a timetable for amending the pleadings and the motion was filed after the deadline had expired).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* If the party was not diligent, the inquiry should end. *Id.*

Here, there is no indication that Plaintiff was diligent in seeking an amendment to substitute individuals for the doe defendants. Plaintiff made no effort to add these defendants prior to the February 2015 deadline to amend, nor did Plaintiff make any effort to extend the deadline to amend during the course of litigation. Although Plaintiff reportedly has limited recall, it is apparent that the names of certain individual defendants were available to Plaintiff's counsel before the Court issued the show cause order, and there is no reason such names could not have been identified during the course of fact discovery, which concluded in April 2015. Nonetheless, Plaintiff made no attempt to amend his complaint. The assertion that Plaintiff and his counsel have not been in contact for some time merely underscores the lack of diligence.

For these reasons, Plaintiff's motion for leave to amend shall be denied.

## I.      Failure to Serve

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

(Fed. R. Civ. P. 4(m). Rule 4(m) mandates that the court grant an extension of time for service if Plaintiff shows good cause. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). "At a minimum, 'good cause' means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no

prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991);  *In re* Sheehan, 253 F.3d 507, 512 (9th Cir. 2001); United States *ex rel. Cemex Constr. Materials Pacific, LLC v. Romero Gen. Constr. Corp.*, No. 2:14-cv-01469-TLN-KJN, 2015 WL 3407873, *5 (E.D. Cal. May 26, 2015).  Absent a showing of good cause, courts have discretion under Rule 4(m) to extend the time for service or to dismiss the action without prejudice.  *In re Sheehan*, 253 F.3d at 513.  Rule 4(m) is applicable to doe defendants.  *See Tillery v. Lollis*, 2015 WL 4873111, *3 n. 2 (E.D. Cal. Aug. 13, 2015).

Here, Plaintiff has not shown excusable neglect.  Plaintiff filed his second complaint, upon which this action proceeds, on June 7, 2014.  (Doc. 14.)  The 120-day deadline to identify and serve the doe defendants expired on October 6, 2014.  Plaintiff has not adequately explained why he could not identify and serve the doe defendants in a timely manner.  Further, as discussed above, Plaintiff has not demonstrated diligence in seeking an amendment to his complaint to substitute individuals for the doe defendants.  Plaintiff also has not shown that the parties to be substituted (and served) received notice of the lawsuit or that Plaintiff would be prejudiced by the dismissal of his complaint.  *Boudette*, 923 F.3d at 756.  Thus, there is no good cause shown for the failure to identify and serve the doe defendants.

In the absence of good cause, the Court declines to exercise its discretion to extend the period for service. The deadline to amend the pleadings expired nearly six months ago, fact discovery has been closed for more than three months and all other defendants have been dismissed from this action. For the more than nine-month period that discovery was open in this matter, Plaintiff undertook no apparent effort to identify and substitute names for the doe defendants.

In sum, the Court finds that Plaintiff has failed to set forth good cause for his failure to amend his pleadings, identify the Doe defendants and effectuate service of the summons and any amended complaint.  Accordingly, Does 1 to 50 shall be dismissed from this action without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), and this action shall be closed.

///

///

///

**CONCLUSION AND ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's request for leave to amend his complaint, filed on August 17, 2015, is DENIED;

2.  Does 1 to 50 are DISMISSED from this action, without prejudice, based on Plaintiff's failure to effect service of the summons and complaint pursuant to Federal Rule of Civil Procedure 4(m); and

3.  This action shall be closed.


IT IS SO ORDERED.

Dated:   **August 20, 2015**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE